**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE MAURICIO GUEVARA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73576 <br><br> Agency No. A070-459-751 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose Mauricio Guevara, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), voluntary departure, and special-rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of asylum because Guevara did not establish a well-founded fear of persecution on account of a protected ground in El Salvador. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (a personal dispute unconnected to a protected ground is not a basis for asylum); *Zetino*, 622 F.3d at 1016 ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because Guevara did not establish eligibility for asylum, it follows that he did not establish eligibility for withholding of removal. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Guevara failed to demonstrate that he will more likely than not suffer torture upon his return to El Salvador. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

In his opening brief, Guevara fails to address, and therefore has waived any challenge to, the agency's denial of his requests for voluntary departure and NACARA special-rule cancellation of removal on the basis of a controlled substance violation. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to consider Guevara's unexhausted contention that he was not afforded an opportunity to gather evidence in support of his requests for relief. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

We also lack jurisdiction to review Guevara's request for release from immigration custody on the condition of bond. *See* 8 U.S.C. § 1226(e).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**