**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LOPEZ-VASQUEZ, *Petitioner*, | Nos. 08-71950 08-74867 |
| v. | Agency No. A076-625-020 |
| ERIC H. HOLDER, JR.,[*] Attorney General, *Respondent*. | OPINION |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 8, 2012—Pasadena, California

Filed February 1, 2013

Before: Myron H. Bright,[**] Susan P. Graber, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta;
Concurrence by Judge Bright

---

[*] Eric H. Holder, Jr., is substituted for his predecessor Michael B. Mukasey, as Attorney General. Fed. R.App. P. 43(c)(2).

[**] The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY[***]

### Immigration

The panel denied Jose Lopez-Vasquez's petition for review of the Board of Immigration Appeals' decision denying adjustment of status on account of his felony conviction for possession of marijuana for sale, in violation of California Health & Safety Code § 11359.

The panel held that Lopez-Vasquez failed to carry his burden to prove that he was entitled to relief under the Federal First Offender Act, despite the fact that the state court set aside his felony conviction and deemed it to be a misdemeanor. The panel held that the record was inconclusive as to whether the state court actually changed Lopez-Vasquez's CHS § 11359 conviction to misdemeanor simple possession of marijuana, in violation of CHS § 11357, because CHS § 11359 is a "straight felony" that cannot be designated as a misdemeanor, and the records do not reflect a change to CHS § 11357. The panel also denied Lopez-Vasquez's petition for review from the BIA's denial of his motion to reopen.

Concurring, Judge Bright would instruct the BIA to permit reopening. Judge Bright agreed that the record is unclear and that Lopez-Vasquez must do more than prove that the record is inconclusive, but he would give Lopez-Vasquez another chance to establish that the state court

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

changed his offense of conviction to simple possession in violation of CHS § 11357.

---

## COUNSEL

Audra R. Behné, Law Offices of Audra. R. Behné, Encino, California, for the Petitioner.

Brianne Whelan Cohen and Joseph A. O'Connell (argued), U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

## OPINION

IKUTA, Circuit Judge:

Jose Lopez-Vasquez petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for adjustment of status and its denial of his motion to reopen based on new evidence. The BIA concluded that Lopez-Vasquez was ineligible for adjustment of status because of a 1997 conviction for possession of marijuana for sale in violation of California Health & Safety Code section 11359. Lopez-Vasquez contends that the 1997 conviction was actually for simple possession of marijuana in violation of Health & Safety Code section 11357 and that, as a result, he is eligible for relief under *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) (en banc). We deny both petitions.

# I

In order to understand Lopez-Vasquez's arguments, it is first necessary to understand the interplay between the applicable statutory framework and our case law.

## A

The Attorney General may adjust the status of an alien if "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A). The alien has the "'burden of establishing . . . clearly and beyond doubt' that he is 'entitled to be admitted and is not inadmissible under [8 U.S.C. §] 1182.'" *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308 (9th Cir. 2010) (quoting 8 U.S.C. § 1229a(c)(2)(A)); *see also Blanco v. Mukasey*, 518 F.3d 714, 720 (9th Cir. 2008).[1]

Under § 1182, an alien who has been convicted of an offense "relating to a controlled substance" is inadmissible. 8 U.S.C. § 1182(a)(2)(i)(II). Because the burden of proving

---

[1] An alien may be charged with being removable if that alien has not been admitted to the United States and is "inadmissible." *See* 8 U.S.C. § 1229a(e)(2)(A). An alien charged as being removable for this reason may contest that charge by proving admissibility "clearly and beyond doubt." § 1229a(c)(2)(A). By contrast, aliens who are seeking *relief* from removal by applying for adjustment of status must prove admissibility "by a preponderance of the evidence." *See* 8 C.F.R. § 1240.8(d). Because Lopez-Vasquez is seeking relief from removal, the relevant standard should be the preponderance standard set forth in § 1240.8(d). But, because *Valadez-Munoz* and *Blanco* held that the "clearly and beyond doubt" burden of proof is applicable in this context, we are bound to apply this precedent.

admissibility is on the alien, *Valadez-Munoz*, 623 F.3d at 1308, an alien with a criminal conviction must prove that the conviction does not relate to a controlled substance or otherwise render the alien inadmissible under § 1182. *Cf. Young v. Holder*, 697 F.3d 976, 989 (9th Cir. 2012) (en banc). An alien cannot carry this burden "by merely establishing that the relevant record of conviction is inconclusive as to whether" the conviction was for an offense that would make the alien inadmissible. *Id.* at 979–80.

**B**

An alien's inadmissibility under § 1182 due to a drug-related conviction is generally not affected by the later expungement of the conviction. *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001); *see* 8 U.S.C. § 1101(a)(48)(A). The Federal First Offender Act (FFOA) created a limited exception to this rule for federal defendants. *See* 18 U.S.C. § 3607. Under the FFOA, a federal court can put first-time drug offenders who are convicted of simple possession under 21 U.S.C. § 844 on pre-judgment probation. § 3607(a). If the defendants successfully complete probation, the court must discharge them "without entering a judgment of conviction." *Id.* An FFOA disposition "shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose," § 3607(b), including immigration proceedings. *See Nunez-Reyes*, 646 F.3d at 688.

In *Lujan-Armendariz*, we extended the immigration benefits of the FFOA to individuals with expunged state court convictions for first-time simple possession drug offenses where the offenders "would have been eligible for relief under the [FFOA] had their offenses been prosecuted as

federal crimes." *Lujan-Armendariz*, 222 F.3d at 749. We later extended *Lujan-Armendariz* to cover expunged state court convictions where the drug offense was "a less serious offense than simple possession of a controlled substance," such as a conviction for possession of drug paraphernalia. *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 808 (9th Cir. 2009) (internal quotation marks omitted), *overruled prospectively by Nunez-Reyes*, 646 F.3d at 694.

Recently, *Nunez-Reyes* overruled *Lujan-Armendariz* and *Ramirez-Altamirano* and held that the FFOA applies to only federal convictions. *Nunez-Reyes*, 646 F.3d at 690. But *Nunez-Reyes* applies only prospectively, so we must still evaluate convictions entered by a state court before July 14, 2011, under *Lujan-Armendariz*'s framework. *Id.* at 693–94.

## C

Lopez-Vasquez's claim that he is eligible for adjustment of status hinges on the differences between California Health & Safety Code sections 11357 and 11359.

Section 11357 criminalizes the possession of marijuana or concentrated cannabis as well as the possession of marijuana "upon the grounds of, or within, any school." Cal. Health & Safety Code § 11357 (West 1997). At the time of Lopez-Vasquez's conviction, a violation of section 11357 was punishable by imprisonment in a state prison, imprisonment in county jail, or a fine, depending on the specific circumstances of the violation. *Id.* Under California law, a statute that can result in this range of punishments is referred to as a "wobbler" statute because it provides for either a misdemeanor or a felony conviction. *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844 (9th Cir. 2003)

(citing Cal. Penal Code § 17(b)). "Whether a 'wobbler' is determined to be a misdemeanor or a felony is controlled by Cal. Penal Code § 17(b) . . . ." *Garcia-Lopez*, 334 F.3d at 844. As relevant to this case, "[a] wobbler offense 'is a misdemeanor for all purposes . . . [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application . . . thereafter, the court declares the offense to be a misdemeanor.'" *Id.* at 845 (alterations in original) (quoting Cal. Penal Code § 17(b)(3)).

Lopez-Vasquez asserts that a section 11357 conviction is a "simple possession" drug conviction and that he would have been eligible for relief under the FFOA had it been prosecuted as a federal crime. We have not previously addressed this question, and we need not reach it today in light of our conclusion, *see infra* Part III, that the BIA did not err in concluding that Lopez-Vasquez was not convicted of this offense.

Section 11359 criminalizes the possession of marijuana for sale. Cal. Health & Safety Code § 11359 (West 1997) ("Every person who possesses for sale any marijuana . . . shall be punished by imprisonment in the state prison."). Because section 11359 prescribes "imprisonment in the state prison" as the only available punishment, it is a felony. Cal. Penal Code. § 17(a). In addition, California Penal Code section 17(b) does not apply and, as a result, a court may not designate a section 11359 conviction as a misdemeanor. *People v. Mauch*, 163 Cal. App. 4th 669, 674 (Ct. App. 2008) (holding that a crime punishable only by imprisonment in the state prison is a "straight felony" that cannot be designated as a misdemeanor (internal quotation marks omitted)).

If Lopez-Vasquez's drug conviction was for possession of marijuana for sale in violation of section 11359, he would be ineligible for relief under our pre-*Nunez-Reyes* framework because, as he concedes, possession for sale is not a first-time simple possession offense that would qualify for treatment under the FFOA. Nor is it a less serious offense than simple possession of a controlled substance, and so it would not be treated as if it were an FFOA-eligible offense under our pre-*Nunez-Reyes* case law. *Cf. Ramirez-Altamirano*, 563 F.3d at 808.

## II

### A

Mindful of this framework, we now turn to the facts of this case. Lopez-Vasquez, a citizen of El Salvador, entered the United States illegally in 1987. On May 29, 1997, Lopez-Vasquez pleaded no contest to, and was convicted of, possession of marijuana for sale in violation of Health & Safety Code section 11359. The state court's minute order states: "COUNT 01: 11359 H&S FEL - POSS MARIJUANA/HASH FOR SALE," and "COUNT (01): DISPOSITION: CONVICTED." The state court suspended the imposition of a sentence, placed Lopez-Vasquez on probation and, as a condition of probation, required him to serve 180 days in county jail.

Over a year later, on July 13, 1998, the court held a status conference in Lopez-Vasquez's case. At the status conference, Lopez-Vasquez sought a change in his charge "for immigration purposes." The court did not rule on this request and, instead, ordered the probation department "to prepare a report pursuant to termination and dismissal of the

defendant's probation." Like the minute order for the previous hearing, the minute order for the status conference states: "COUNT 01: 11359 H&S FEL - POSS MARIJUANA/HASH FOR SALE."

In compliance with the court's order, a probation officer met with Lopez-Vasquez and prepared a report. The report states that Lopez-Vasquez was convicted of "HS11359 POSS MARIJUANA FOR SALE." It concludes that Lopez-Vasquez appeared to be "fully in compliance with the terms and conditions of his probation" and states that "the court is respectfully advised to grant him his heart's desires as still keeping him on probation will be harmful to his immigrant status."

Based on this favorable report, on August 10, 1998, the court deemed Lopez-Vasquez's conviction to be a misdemeanor, terminated probation, and set aside the conviction under section 1203.4 of the California Penal Code.[2] The state court's records do not state that the court changed the offense of conviction to simple possession of marijuana. In fact, like the previous minute orders, the minute order for the August 1998 hearing contains the following notation: "COUNT 01: 11359 H&S FEL - POSS MARIJUANA/HASH FOR SALE." The probation department's records also reflect that Lopez-Vasquez's conviction was deemed a misdemeanor, that probation was terminated, and that the conviction was set aside. Like the state court's minutes, the probation department's records do

---

[2] The minute order states: "PURSUANT TO SECTION 17 PENAL CODE, OFFENSE IS DEEMED TO BE A MISDEMEANOR. PROBATION IS ORDERED TERMINATED . . . . PLEA OF GUILTY OR CONVICTION IS SET ASIDE."

not indicate that the court changed Lopez-Vasquez's crime of conviction to simple possession.

**B**

After the government initiated removal proceedings in 2004, Lopez-Vasquez conceded that he was removable but applied for adjustment of status based on his marriage to a United States citizen. The immigration judge (IJ) concluded that Lopez-Vasquez was ineligible for adjustment of status because of the 1997 drug conviction. In reaching this conclusion, the IJ addressed Lopez-Vasquez's argument that his conviction was eligible for FFOA treatment under *Lujan-Armendariz*. Lopez-Vasquez asserted that, when the state court designated his conviction as a misdemeanor, it also changed the underlying offense from possession of marijuana for sale in violation of section 11359 to simple possession of marijuana in violation of section 11357. Because only section 11357, and not section 11359, can be charged as a misdemeanor, Lopez-Vasquez reasoned that the court was able to reduce his conviction to a misdemeanor only because it also changed his offense to simple possession.

The IJ rejected this argument and determined that it was not clear from the record why the state court reduced the conviction from a felony to a misdemeanor. He reasoned that either the state court erred in reducing Lopez-Vasquez's conviction to a misdemeanor under section 11359 or it erred in specifying the section under which the reduction was entered. In either case, the IJ concluded, he could not "go behind the conviction."

Lopez-Vasquez appealed to the BIA, which dismissed his appeal in a reasoned opinion on April 18, 2008. The BIA

noted that the burden was on Lopez-Vasquez to establish eligibility for relief. And it concluded that he had "not submitted any court order, record, statement from the district attorney prosecuting his case, or other direct evidence establishing that he was actually convicted of simple possession of marijuana." The BIA declined to infer that the state court had necessarily changed the conviction to simple possession, "particularly given the intricacies of the substantive state criminal laws and procedures at issue here."

Subsequently, Lopez-Vasquez filed a motion to reopen in order to present previously unavailable evidence in support of his claim. Specifically, he submitted the transcript of the July 13, 1998, state court status conference, which states, in relevant part:

| The Court: | Why is this on calendar? |
|---|---|
| [Defense counsel]: | We are requesting this be reduced to a misdemeanor. I believe based on the charges that that may be a factual impossibility, but I have spoken — |
| The Court: | Legal, not factual. |
| [Defense counsel]: | — to [the prosecutor] about it and he's indicating that he would like a supplemental report based on a letter and various documentations, and he may consider changing the charge so that it can be |

> reduced to a misdemeanor for immigration purposes. So I would ask that the matter be put over for a supplemental report.

The court did not make any further statement in response to the defense counsel's request, but merely continued the case to a later date and ordered the probation officer to submit a supplemental report.

The BIA accepted that this transcript was not previously available but denied the motion to reopen because it found that Lopez-Vasquez had failed to demonstrate prima facie eligibility for adjustment of status. The BIA noted that "[t]here is no express finding or explicit indication whatsoever in any of the material submitted [including the new evidence] that the respondent was convicted of simple possession of marijuana, as he contends."

## III

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's determination that Lopez-Vasquez's drug conviction makes him ineligible for adjustment of status, *see Ramirez-Altamirano*, 563 F.3d at 804, *overruled on other grounds by Nunez-Reyes*, 646 F.3d at 690, and we have jurisdiction under § 1252(a) to review the BIA's denial of a motion to reopen. *Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012).

We review questions of law de novo and factual findings for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). Thus, "the administrative findings of

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B). We review the BIA's denial of a motion to reopen for abuse of discretion, and may grant relief only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000) (internal quotation marks omitted); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (holding that, under our abuse of discretion standard, we may grant relief only if the court made a legal error, or its application of law to facts was "illogical, implausible, or without support in inferences that may be drawn from the record").

## A

To establish that he is eligible for adjustment of status, Lopez-Vasquez must prove "clearly and beyond doubt" that he does not have a drug conviction that renders him inadmissible under § 1182. *Cf. Young*, 697 F.3d at 989 ("Because the burden of proof rests on the alien, the alien must establish that he or she was *not* convicted of such a crime."). He can meet that burden only by establishing that his 1997 conviction was for a first-time simple possession drug crime, that the offense was expunged by the state court, and that he would have been eligible for relief under the FFOA had his offense been prosecuted as a federal crime. *See Lujan-Armendariz*, 222 F.3d at 748–49.

Substantial evidence supports the BIA's conclusion that Lopez-Vasquez was convicted of possession of marijuana for sale under section 11359, which does not qualify for relief under *Lujan-Armendariz*. The state court's minute orders all show that Lopez-Vasquez was convicted of possession of marijuana for sale in violation of Health & Safety Code

section 11359. The probation office's records also reflect that the 1997 conviction was for possession of marijuana for sale.

As he did before the BIA, Lopez-Vasquez again argues that the state court necessarily changed his conviction to a violation of section 11357, which he contends criminalizes only simple possession, when it designated his conviction as a misdemeanor. According to Lopez-Vasquez, because section 11359 is a "straight felony," the state court could not have designated his conviction as a misdemeanor without also changing his conviction to a violation of section 11357.

We disagree. Nothing in the state court's records shows that the court changed Lopez-Vasquez's underlying conviction to a violation of section 11357.[3] In fact, there is no reference whatsoever to section 11357 in any of the records submitted by Lopez-Vasquez. Thus, to accept Lopez-Vasquez's position, we would have to speculate that the state court had the authority to change the charges brought by the prosecutor, changed Lopez-Vasquez's conviction without mentioning that fact and that, in the process of changing the conviction, selected section 11357 as the new charge. We decline to adopt this chain of speculations. A more likely explanation of the inconsistency between the section 11359 conviction and the misdemeanor designation, is that the state

---

[3] Nor does Lopez-Vasquez cite any support for the proposition that the state court even had the authority to amend the charge to which he pleaded guilty, at least not without the prosecutor's consent. *Cf. People v. Orin*, 13 Cal. 3d 937, 942 (1975) (stating that the prosecutor's consent is necessary to secure "a plea to a lesser offense than that charged, either in degree or kind" (citations omitted)); *People v. Superior Court*, 59 Cal. App. 3d 270, 276 (Ct. App. 1976) (noting the "exclusive authority of the executive with respect to charging of crimes and negotiating the disposition of charges").

court simply erred under state law in designating Lopez-Vasquez's conviction as a misdemeanor. Such errors by state trial courts are not unknown. *See, e.g.*, *Mauch*, 163 Cal. App. 4th at 674 (holding that the trial court erred in designating as a misdemeanor a "straight felony" conviction for cultivating marijuana in violation of Cal. Health & Safety Code § 11358 (internal quotation marks omitted)); *People v. Superior Court*, 29 Cal. App. 4th 323, 328–30 (Ct. App. 1994) (holding that the magistrate judge erred in reducing to a misdemeanor a "straight felony" charge for false imprisonment).

At best, Lopez-Vasquez could establish that the record is inconclusive as to what the state court actually did. But because Lopez-Vasquez has the burden to show admissibility, a reasonable adjudicator would not be compelled to conclude that the state court had changed his conviction to a violation of section 11357. *See Young*, 697 F.3d at 989 (holding in the cancellation of removal context that "an inconclusive record . . . is insufficient to satisfy the alien's burden of proof").[4]

Indeed, we recently declined to make a similar inference in *United States v. Lee*, — F.3d —, No. 10-10403, 2012 WL 6720593 (9th Cir. Dec. 28, 2012). In *Lee*, the district court sentenced the defendant as a career offender based, in part, on a state court conviction for selling or offering to sell cocaine base. *Lee*, No. 10-10403, slip op. at 4, 9. Under California law, a defendant convicted of this offense may not receive probation unless the state court makes certain findings on the

---

[4] We would reach this conclusion even if Lopez-Vasquez were subject to the lower "preponderance of the evidence" burden imposed by 8 C.F.R. § 1240.8(d) instead of the "clearly and beyond doubt" burden specified by *Valadez-Munoz* and *Blanco*.

record. *Id.* at 10–11 (citing Cal. Health & Safety Code § 1203.073(a)). The defendant argued that, because the state court did not make any such findings and because he received probation, he could not have been convicted of selling or offering to sell cocaine base. *Id.* at 11. We rejected this argument, even though the burden of proof was on the government, because the state court records documented only that the defendant was convicted of selling or offering to sell cocaine base. *Id.* at 11–12. As we explained, the state court's failure to comply with the statutory requirement of making findings on the record "was more likely a procedural oversight during sentencing rather than" proof that the defendant had been convicted of a crime that was different from what was documented in the court records. *Id.* at 12. Similarly in this case, the state court's decision to characterize the conviction as a misdemeanor was more likely due to an oversight or error on the state court's part, rather than proof that the state court changed Lopez-Vasquez's crime of conviction. Because Lopez-Vasquez has the burden to show that he was not convicted under section 11359, any such ambiguity in the state court's decision merely makes the record inconclusive and does not carry his burden of proof. *See Young*, 697 F.3d at 989.

**B**

We also conclude that Lopez-Vasquez has waived his challenge to the BIA's denial of his motion to reopen by failing to argue it in his brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (holding that this court will not ordinarily consider matters "that are not specifically and distinctly argued in appellant's opening brief" (internal quotation marks omitted)). Beyond explaining that this court has jurisdiction to review the BIA's denial of a motion to

reopen and setting forth the new evidence provided to the BIA, Lopez-Vasquez's brief does not raise any arguments directed to this issue.

Even if we were to reach the merits of his challenge, we would conclude that the BIA did not abuse its discretion in denying the motion to reopen. The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief. *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010). To demonstrate prima facie eligibility the alien must show "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Id.* (internal quotation marks omitted). In this case, Lopez-Vasquez's motion to reopen was based on the allegedly newly-discovered transcript of the July 13, 1998, state court status conference. This evidence does not establish a reasonable likelihood that Lopez-Vasquez is eligible for adjustment of status. Even reading the transcript most favorably to Lopez-Vasquez, the transcript suggests only that the state court was aware that reducing his conviction under section 11359 to a misdemeanor was a legal impossibility. But it does not demonstrate that the state court actually changed the underlying offense.[5]

---

[5] We disagree with the concurrence's suggestion that we should instruct the BIA to reopen this case to allow Lopez-Vasquez "the opportunity to attempt to produce" new evidence from California officials. Because the BIA did not err in denying Lopez-Vasquez's first motion to reopen, we lack the authority to reverse its denial. Nor could we remand this case to the BIA to permit Lopez-Vasquez to file a second motion to reopen. Because "aliens are entitled to file only one motion to reopen," Lopez-Vasquez "is now barred from filing a second motion to reopen." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (citing 8 C.F.R. § 1003.2(c)(2)). Moreover, Lopez-Vasquez has not identified any evidence that would meet an alien's "heavy burden of proving that, if

**IV**

Lopez-Vasquez failed to establish that the state court changed his 1997 drug conviction from possession of marijuana for sale under section 11359 to simple possession of marijuana under section 11357. Because Lopez-Vasquez remains inadmissible under § 1182 notwithstanding the state court's expungement of his section 11359 offense, he is ineligible for adjustment of status.

**PETITION FOR REVIEW DENIED.**

BRIGHT, Circuit Judge, concurring:

I agree that the record is unclear as to whether the state court changed Lopez-Vasquez's offense of conviction to a violation of section 11357, a "wobbler" which could have been deemed a misdemeanor. I also agree that Lopez-Vasquez must do more than prove that the record is inconclusive. But because the record is incomplete and unclear, I believe that the proper outcome for this case is to instruct the BIA to permit the reopening of the case before the Immigration Judge. This would allow Lopez-Vasquez the opportunity to attempt to produce evidence from California officials showing that the state court changed Lopez-Vasquez's offense of conviction to simple possession of marijuana under section 11357.

---

proceedings were reopened, the new evidence would likely change the result in the case." *Id.* (internal quotation marks omitted).

Lopez-Vasquez is not entitled to relief here because he cannot satisfy the burden of proof; he can prove no more than an inconclusive record. Yet it seems unfair to deny Lopez-Vasquez the possibility of relief when there are some facts in the record to support his position. For example, at the July 13, 1998 state court status conference, the court acknowledged that simply reducing Lopez-Vasquez's section 11359 conviction to a misdemeanor was a "legal impossibility," thereby indicating an awareness that a conviction under section 11359 could not statutorily be deemed a misdemeanor. But the court later appeared to do exactly what it stated it could not—reduced the section 11359 conviction to a misdemeanor. Also, the transcript of the July 13, 1998 status conference indicates that the prosecutor was considering changing Lopez-Vasquez's offense of conviction. This is notable because under California law, the state court could have changed Lopez-Vasquez's offense of conviction to section 11357 with the consent of the prosecutor.

It is true that taking these facts to indicate that Lopez-Vasquez's offense of conviction was changed to section 11357 would require us to speculate that the state court took action that is not disclosed in the record. But even the majority's "most likely explanation" for the state court's action requires some speculation—that the state court knowingly erred by doing something it acknowledged on the record it could not do.

I believe the state court was trying to help Lopez-Vasquez with his immigration status by reducing his conviction to a misdemeanor. The intentions of the state court warrant consideration and perhaps those intentions could be the subject of proof on a reopening of the record.

It is disappointing that none of the actors in this case took steps to make the record clear. We should give Lopez-Vasquez another chance to establish that the state court did in fact change his offense of conviction to simple possession of marijuana in violation of section 11357.