**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FESEHAYE OKUBE HABTE, | No. 10-72524 |
| Petitioner, | Agency No. A089-671-191 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| FESEHAYE OKUBE HABTE, | No. 11-71821 |
| Petitioner, | Agency No. A089-671-191 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

| | |
|---|---|
| FESEHAYE OKUBE HABTE, | No. 13-72360 |
| Petitioner, | Agency No. A089-671-191 |
| v. | |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2014
San Francisco, California

Before: FISHER, RAWLINSON, and MURGUIA, Circuit Judges.

## I.       The Board's Denial of Habte's Asylum Application

Fesehaye Okube Habte petitions for review of the denial of his application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").  The Immigration Judge ("IJ") based her adverse credibility

finding on multiple inconsistencies.  In the absence of credible testimony, the IJ

found the remaining evidence insufficient to establish eligibility for relief from

removal.  The Board of Immigration Appeals ("Board") reviewed the IJ's findings

of fact and conclusions of law and affirmed the judgment.

We have jurisdiction under 8 U.S.C. § 1252 and review the Board's decision

for substantial evidence.  *See Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir.

2004).  The judgment of the Board is supported by substantial evidence, therefore

we deny the petition.

An adverse credibility finding can be based on "any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a bearing on petitioner's veracity." *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (internal quotation marks omitted). "Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

The adverse credibility finding was based on inconsistencies in Habte's testimony as well as Habte's failure to produce reliable documentary evidence. For example, Habte submitted a copy of an identification card that listed a birth place different from the one he noted in his testimony, and he failed to plausibly explain the discrepancy. Habte also submitted a school record that had been visibly altered despite language on the school record indicating that any alteration would invalidate it. None of the submitted documents established Habte's identity, which was essential to his claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of the totality of the circumstances, the discrepancies and omissions were material and provide substantial evidence supporting the adverse credibility finding. *See Rizk*, 629 F.3d at 1088.

-3-

The remaining record evidence does not compel a finding that Habte was or will be subject to persecution. *See Farah*, 348 F.3d at 1156. Nor does the record compel a finding that Habte would, more likely than not, be subject to torture upon return to Eritrea. *See id.* at 1157.

Therefore, Habte's petition for review of the Board's denial of his application for relief from removal is **DENIED**.

## II. The Board's Denial of Habte's Motion to Reopen

Habte also petitions for review of the Board's denial of his second motion to reopen, submitted in January 2013. The Board denied Habte's motion as time-barred, on the ground that Habte failed to introduce previously unavailable material evidence of changed conditions in Eritrea. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

We have jurisdiction under 8 U.S.C. § 1252 and review the Board's decision for an abuse of discretion. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013). Because the Board acted "arbitrarily, irrationally, or contrary to law" in denying Habte's motion to reopen without considering newly submitted country conditions evidence, *id.* (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)), we grant the petition.

The Board abused its discretion by denying Habte's second motion to reopen without considering the previously unavailable evidence of changed conditions in

-4-

Eritrea, which Habte submitted in support of his motion. *See id.* The later-submitted country conditions evidence is qualitatively different from the evidence available at the time of Habte's removal hearing because it is more detailed, better substantiated, and more compelling. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010); *see also Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004). Whereas the previously submitted evidence supported the possibility that Habte might be persecuted if returned to Eritrea, the newly submitted evidence supports the probability that Habte will, with near certainty, be persecuted if returned to Eritrea as an asylum-seeker.

Therefore, Habte's petition for review of the Board's denial of his second motion to reopen is **GRANTED**. We **REMAND** for the Board to reconsider Habte's motion to reopen in light of the material evidence of changed conditions in Eritrea, which was not available at the time of Habte's removal hearing.

In No. 10-72524, **PETITION DENIED**.

In No. 11-71821, **PETITION DISMISSED,** because petitioner has chosen not to pursue his appeal.

In No. 13-72360, **PETITION GRANTED; REMANDED**.