**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALOME DOMINGA MALDONADO-RODAS, | No. 13-72219 |
| Petitioner, | Agency No. A075-526-124 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Salome Dominga Maldonado-Rodas, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") order denying her motion

to reopen in absentia removal proceedings.  We have jurisdiction under 8 U.S.C.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

In her opening brief, Maldonado-Rodas fails to raise, and therefore has waived, any challenge to the agency's determination that she received proper notice of the hearing at which she was ordered removed in absentia. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

The agency did not abuse its discretion in denying Maldonado-Rodas' motion to reopen, where notice was proper and she did not establish that her failure to appear was due to exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C).

Maldonado-Rodas' contention that the IJ in her original removal proceedings violated due process by ordering her removed in absentia fails for lack of prejudice, where notice was proper, and Maldonado-Rodas does not dispute that she failed to appear at her hearing or that she was removable as charged. *See* 8 U.S.C. § 1229a(b)(5)(A); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Maldonado-Rodas also contends that the IJ who decided her motion to reopen violated due process by providing her access to her immigration file only

after denying the motion, and that the BIA violated due process by declining to produce a transcript of proceedings. These claims fail where Maldonado-Rodas has not established prejudice resulting from either of these actions, the agency made audio recordings of proceedings available prior to her BIA appeal, and her attorney in fact reviewed the audio recordings of proceedings prior to filing her brief to the BIA. *See Lata*, 204 F.3d at 1246; *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("[In] lieu of providing a transcript, the immigration court may record [bond] hearings and make the audio recordings available for appeal upon request.").

We deny Maldonado-Rodas' motion for a stay to seek prosecutorial discretion.

**PETITION FOR REVIEW DENIED.**

13-72219