NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO HERNANDEZ GUTIERREZ, AKA Alejandro Gutierrez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   18-71929<br><br>Agency No. A205-717-305<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Alejandro Hernandez Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations. *Mohammed v. Gonzales*, 400

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

In his opening brief, Hernandez Gutierrez fails to raise, and has therefore waived, any challenge to the BIA's denial of his motion to reopen as untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (petitioner waives a contention by failing to raise it in the opening brief).

Our jurisdiction to review the BIA's decision not to reopen sua sponte is limited to reviewing the reasoning behind the decision for legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). To the extent Hernandez Gutierrez contends that the BIA's decision was based on an erroneous rejection of his due process claim, this contention fails because the BIA correctly concluded that he has not shown prejudice from the alleged violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**