NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILFIDO EDUARDO CALDERON, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-73016 <br><br> Agency No. A205-321-290 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Wilfido Eduardo Calderon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Calderon does not challenge the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Calderon's CAT claim.

As to withholding of removal, Calderon does not challenge the agency's finding that he failed to establish past persecution. *See id.* Substantial evidence supports the agency's determination that Calderon failed to establish a clear probability of future persecution in Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Calderon's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**