NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIMPLISE ALUMA NANJEH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72161

Agency No. A215-681-243

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Simplise Aluma Nanjeh, a native and citizen of Cameroon, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Nanjeh's testimony and documentary evidence as to his father's death, as well as his implausible testimony and asylum application statement as to his seven-day detention. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Nanjeh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Nanjeh does not challenge the agency's finding that his evidence did not otherwise establish his eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, in the absence of credible testimony, in this case, Nanjeh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Nanjeh's CAT claim also fails because it is based on the same testimony the agency found not credible, and Nanjeh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Cameroon. *See id.* at 1156-57; *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051

(9th Cir. 2008) (explaining that "petitioner must demonstrate that he would be subject to a 'particularized threat of torture'" to obtain CAT relief) (citation omitted).

Nanjeh does not challenge the BIA's finding that he failed to establish a due process violation. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Nanjeh's motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**

19-72161