**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL MORALES-CARRILLO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-71522 <br><br> Agency No. A099-630-227 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020[**]

Before:     SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Noel Morales-Carrillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Morales-Carrillo's opening brief does not challenge the agency's determination that he is ineligible for withholding of removal. He therefore has forfeited any such challenges. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are forfeited).

Morales-Carrillo instead contends that the agency erred by determining that he failed to establish eligibility for CAT relief. We review this contention under the "highly deferential" substantial evidence standard. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). The record does not compel the conclusion that Morales-Carrillo will more likely than not be tortured by or with the acquiescence of a government official if returned to Mexico. *See Robelto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010). Thus, substantial evidence supports the agency's determination. *See id.* Contrary to Morales-Carrillo's contention, the record does not suggest that the BIA failed to consider all evidence. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

18-71522