NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANA DIARRA, | No. 19-70889 |
| Petitioner, | Agency No. A208-926-798 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Mana Diarra, a native and citizen of Mali, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his motion to reopen his removal proceedings.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo claims of due process

violations in immigration proceedings.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2014). We deny the petition for review.

Diarra does not challenge the determination that his motion to reopen was untimely and that he did not establish an exception to the filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Diarra's contentions that the IJ violated due process, constituting an exceptional situation that warranted sua sponte reopening, fail because Diarra was advised of his right to counsel, provided with a list of legal services, given ample time to seek counsel, assisted by the IJ in reviewing evidence in court, and the record reflects that Diarra understood the interpreter. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

As stated in the court's June 6, 2019, order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

2                                                                19-70889