NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPHINA GARCIA-ABARCA, | No. 18-71120 |
| Petitioner, | Agency No. A205-425-166 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Josephina Garcia-Abarca, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In her opening brief, Garcia-Abarca does not make any argument challenging the BIA's conclusion that the IJ improperly found Garcia-Abarca suffered past persecution where the claimed mistreatment did not occur in her proposed country of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding that petitioner waived any challenge to an issue that was not argued in his opening brief).

Substantial evidence supports the agency's determination that Garcia-Abarca failed to establish an objectively reasonable fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (finding that the possibility of future persecution was "too speculative"). Thus, Garcia-Abarca's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Garcia-Abarca failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Garcia-Abarca's contention that the IJ failed to accord proper evidentiary weight to her testimony.

As stated in the court's July 12, 2018 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**