**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PREM CHAND DEO, | No. 19-70257 |
| Petitioner, | Agency No. A046-375-161 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Prem Chand Deo, a native and citizen of Fiji, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In his opening brief, Deo does not raise any challenge to the agency's determination that he is removable, or to the agency's dispositive determinations that he is ineligible for asylum due to his aggravated felony convictions under California Penal Code §§ 273.5(a) and 245(a)(1) and that he is ineligible for withholding of removal because the aggregate term of those convictions was imprisonment of at least five years. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Deo's asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of CAT relief because Deo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Fiji. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**