NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM SATURNINO IXCOL PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1965

Agency No.
A205-591-807

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2024[**]
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

William Saturnino Ixcol Perez, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals decision dismissing his appeal from

an immigration judge's order denying his applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and review the agency's factual findings for substantial evidence. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under that standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's determination that Ixcol Perez is not eligible for asylum. To be eligible for asylum, Ixcol Perez must show "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petitioner may establish a well-founded fear of future persecution either by proving past persecution or by demonstrating that he has a "subjective fear of persecution" and that there is "an objectively 'reasonable possibility'" of future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

Substantial evidence supports the agency's finding that Ixcol Perez did not suffer past persecution on account of his membership in his proposed particular social group of "sexually abused children in rural Guatemala." The record does not compel the conclusion that either the sexual abuse he experienced or the extortion

demands made on his family were motivated by his membership in his proposed social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Furthermore, Ixcol Perez forfeited his challenge to the agency's determination that he failed to show an "objectively reasonable" possibility of future persecution by neglecting to address that issue in his opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

2. Substantial evidence also supports the denial of withholding of removal. As the Board recognized, withholding of removal requires only that a protected ground be "a reason" for persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). But the record does not compel the conclusion that there is any relationship between Ixcol Perez's membership in his proposed particular social group and any harm he has suffered or fears he will suffer.

3. Substantial evidence also supports the agency's denial of CAT relief. To be eligible for CAT protection, Ixcol Perez must show that he is more likely than not to be tortured if removed and that a public official would "inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013); *see also* 8 C.F.R §§ 1208.18(a)(1), 1208.16(c)(2). The record does not compel the conclusion that Ixcol Perez faces a risk of torture at the direction or

with the acquiescence of the Guatemalan government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 2) is otherwise denied.

**PETITION DENIED.**