NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA YENNIFERT CAMANO RAMIREZ; et al., | No. 24-449 |
| Petitioners, | Agency Nos. A208-561-624 A240-046-427 A208-561-632 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025**

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Monica Yennifert Camano Ramirez, Esteban Fernando Rodriguez Becerra,

and their minor son, natives and citizens of Colombia, petition pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's ("IJ") decision denying their applications for asylum and adult

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petitioners' applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal determinations, including whether the BIA applied the correct legal standard. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Petitioners do not challenge the BIA's conclusion that they waived review of the IJ's dispositive determination that petitioners failed to show that the Colombian government would be unable or unwilling to protect them, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Thus, petitioners' asylum claims and adult petitioners' withholding of removal claims fail.

Adult petitioners also do not challenge the BIA's conclusion that they waived review of the IJ's determinations that adult petitioners failed to establish a clear probability of future torture, and that they could relocate to another part of Colombia, so we do not address it. *See id*. Thus, adult petitioners' CAT claims fail.

We reject as unsupported by the record petitioners' contentions that the BIA did not provide sufficient reasoning in support of its denials, and that the BIA applied an incorrect acquiescence standard in its CAT analysis.

2                                                                                          24-449

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**