NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILMA YANIRA MENENDEZ
ESTURBAN,

      Petitioner,

v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 25-839

Agency No.
A216-678-542

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025**

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Gilma Yanira Menendez Esturban, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We grant in part and deny in part the petition for review, and remand.

Substantial evidence does not support the agency's determination that Menendez Esturban failed to show she was or would be persecuted on account of a protected ground. *See Singh v. Holder*, 764 F.3d 1153, 1159-62 (9th Cir. 2014) (credible testimony and circumstantial evidence showed imputed anti-government political opinion was "one central reason" for persecution, even if a non-protected motive was also present); *see also Khudaverdyan v. Holder*, 778 F.3d 1101, 1106-08 (9th Cir. 2015) (agency neglected to consider evidence of persecution on account of imputed political opinion); *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (the less demanding "a reason" standard applies to withholding of removal claims).

Thus, we grant the petition for review, and remand Menendez Esturban's asylum and withholding of removal claims to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Petitioner does not raise, and thus forfeits, any challenge to the agency's CAT determination. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th

25-839

Cir. 2013).

The motion to stay removal is granted. The stay of removal remains in place until the mandate issues.

Each party must bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**