**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILBERT ORELLANA-RIVAS, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-1713 Agency Nos. A205-465-882 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, District
Judge.***

Wilbert Orellana-Rivas, native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Brian Morris, United States District Chief Judge for
the District of Montana, sitting by designation.

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

We have jurisdiction under 8 U.S.C. § 1252. "Our review is limited to those grounds explicitly relied upon by the BIA. Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020) (brackets and internal citations omitted). We review the BIA's determinations on questions of law de novo. *Id*. at 1076. "Whether [Orellana-Rivas's] particular social group is cognizable is a question of law." *Id*. We review the BIA's factual findings for substantial evidence and those findings "should be upheld 'unless the evidence compels a contrary result.'" *Id*.

I

Because Orellana-Rivas did not challenge the agency's conclusion that he was ineligible for asylum for failure to demonstrate that the authorities were unable or unwilling to control the persecuting party, we need not decide whether the agency properly determined that Orellana-Rivas was ineligible for asylum because his application was untimely and not excused by extraordinary circumstances.

2

8 U.S.C. § 1158(a)(2). Nor do we need to decide whether the agency erred in concluding that Orellana-Rivas's proposed social group was not cognizable.

In its analysis, the agency concluded that there is no record evidence that the authorities were unable or unwilling to control his father, who allegedly committed the domestic abuse that was the basis of his claim. This holding defeats asylum eligibility. *See* 8 U.S.C. § 1101(a)(42). Orellana-Rivas did not challenge this finding with the BIA, nor does he challenge it here. He has therefore waived any challenge to the agency's finding that the police are unable or unwilling to protect him. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080-81 (9th Cir. 2013). Thus, his asylum claim based on past persecution necessarily fails.

## II

The agency did not err in determining that Orellana-Rivas was ineligible for asylum because of a well-founded fear of future persecution. He did not raise the threat of future persecution on account of gang violence in El Salvador with the IJ, so this is not exhausted. *See* 8 U.S.C. § 1252(d)(1). He did not challenge the IJ's conclusion that his father's prior abuse did not create a well-founded fear of future persecution with the BIA nor does he challenge it here. Thus, any challenge is waived. *Lopez-Vasquez*, 706 F.3d at 1080-81.

III

The agency did not err by denying Orellana-Rivas's withholding of removal claim. The failure to demonstrate a "reasonable possibility" of future persecution for asylum "necessarily" defeats the "more stringent standard for withholding of removal." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

IV

The agency did not err by denying Orellana-Rivas's application for CAT relief. Although the agency determined the domestic abuse in El Salvador rose to past persecution, the agency concluded it did not rise to past torture. There is little evidence in the record to suggest that it is "more likely than not" that Orellana-Rivas would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). As with his asylum claim, Orellana-Rivas fails to identify evidence in the record sufficient to establish that any torture would be "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**