**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ANTONIO AGUILAR-VASQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No.    14-71323<br><br>Agency No. A026-761-458<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Rafael Antonio Aguilar-Vasquez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals ("BIA") order dismissing

his appeal from an immigration judge's decisions denying his motion to reopen

and his motion to reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of motions to reopen and to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Aguilar-Vasquez' motion to reopen to file for Suspension of Deportation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA relief"), where Aguilar-Vasquez filed the motion more than 13 years after the regulatory deadline, *see* 8 C.F.R. § 1003.43(e)(1), and failed to establish any error, deception or fraud warranting equitable tolling of the deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

Aquilar-Vasquez did not comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), so there is no confirmation in the record that Centro Presente had a representational relationship with petitioner at the time of the initial NACARA deadline, or that it was aware in 2000 of his prior order of deportation and therefore aware of the need to apply to reopen the order of deportation. Absent such confirmation, there was substantial evidence to support the agency's conclusions that there was no ongoing representational relationship, and that, later,

14-71323

Aguilar-Vasquez was not forthcoming with Centro Presente about his immigration history. The agency was correct in concluding that the later ineffective assistance by attorney Pena was not prejudicial to Aquilar-Vasquez, as the motion to reopen he filed in 2007 in the wrong forum was too late and would not have been granted even if properly filed.

Aguilar-Vasquez fails to raise, and therefore has waived, any challenge to the BIA's dispositive determination that the motion to reconsider was properly construed as a numerically-barred motion to reopen, where his motion presented new evidence as opposed to identifying any error of law or fact in the prior decision. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief); *Mohammed*, 400 F.3d at 792 n.8 ("A motion to reconsider does not present new law or facts, but rather challenges determinations of law and fact made by the BIA."); 8 C.F.R. § 1003.43(e)(1) (an alien may file only one motion to reopen to apply for NACARA relief).

Aguilar-Vasquez' contention that the BIA engaged in improper factfinding is not supported by the record.

In light of this disposition, we do not reach Aguilar-Vasquez' remaining contentions.

14-71323

**PETITION FOR REVIEW DENIED.**