**Santiago AZ-TECUM, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13-72217

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Rosana Cheung, Attorney, Law Office of Rosana Kit Wai Cheung, Los Angeles, CA, for Petitioner

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Lance Lomond Jolley, Esquire, Trial Attorney, Anthony Cardozo Payne, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent .

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Santiago Az-Tecum, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Az-Tecum raises no challenge to the BIA's dispositive determination that his asylum application was untimely and that he failed to establish changed or extraordinary circumstances to excuse its untimely filing. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Az-Tecum's asylum claim.

Substantial evidence supports the agency's determination that Az-Tecum failed to demonstrate the past harm he suffered, even cumulatively, rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the determination that he failed to establish it

is more likely than not that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Az-Tecum failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

## PETITION FOR REVIEW DENIED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.