NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA LUCAS PABLO, I.C.-L. and W.C.-L., <br><br>                         Petitioners, <br><br>    v. <br><br> WILLIAM P. BARR, Attorney General, <br><br>                         Respondent. | No.    17-70702 <br><br> Agency Nos. A208-124-129, A208-124-130 and A202-157-793 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2019[**]
Seattle, Washington

Before: WATFORD, MILLER, Circuit Judges, and BENITEZ,[***] District Judge.

Victoria Lucas Pablo, I.C.-L. and W.C.-L., natives and citizens of

Guatemala, petition for review of an order of the Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

(BIA) upholding the conclusions of the immigration judge (IJ) that neither race nor membership in a particular social group was the reason for past persecution, thus disqualifying petitioners for asylum and withholding of removal. They also petition for review of the BIA's decision upholding the IJ's conclusion that petitioners are not entitled to relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. §1252(a)(1), and we deny the petitions.

The BIA's decision was supported by substantial evidence. We uphold the BIA's decision unless "any reasonable adjudicator would be compelled to conclude to the contrary" based on evidence in the record. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

To establish asylum eligibility, an applicant must show that she is unable or unwilling to return to her country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). For Lucas Pablo, although the harm she suffered was significant, evidence that past persecution was on account of her indigenous race or membership in her particular social group was equivocal at best. The BIA noted that her persecutors made no mention of her race. The BIA also noted that

the men who attacked Lucas Pablo "sought her out for illicit purposes and illegal activities," and that their criminal attacks were not related to any protected ground. Because evidence of a persecutor's motive is critical, "to obtain judicial reversal of the Board's determination, [s]he must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (quoting *Elias-Zacarias*, 502 U.S. at 483-84). A reasonable factfinder would not be compelled to find either that Lucas Pablo's race or particular social group was "one central reason" for the persecution (the nexus standard for asylum) or that it was "a reason" for the persecution (the nexus standard for withholding-of-removal). *Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017). Thus, petitioners' claims fail.

In their opening brief, petitioners fail to challenge the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to CAT relief.

PETITION DENIED.