**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO RIOS ZAMORA, AKA
Gerardo Rios-Zamora,

              Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

              Respondent.

No.    19-70859

Agency No. A070-967-063

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Gerardo Rios Zamora, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and denying his request to terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to terminate, and we review de novo questions of law. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

The BIA did not abuse its discretion in denying Rios Zamora's request to terminate proceedings, where his contention that the immigration judge lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from Notice to Appear can be cured for jurisdictional purposes by later hearing notice).

In his opening brief, Rios Zamora does not raise any challenge to the agency's determinations that he did not establish eligibility for cancellation of removal, withholding of removal, or relief under the CAT. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

As stated in the court's June 14, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**