NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARBJANSINGH PUPINDERJEETSINGH, AKA Harbhajan Singh, <br><br>         Petitioner, <br><br>   v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br>         Respondent. | No.   19-71831 <br><br> Agency No. A078-400-605 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Harbjansingh Pupinderjeetsingh[1] ("petitioner"), a native and citizen of India,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     Although petitioner's name appears as Harbjansingh Pupinderjeetsingh in the orders issued by the agency, the petition for review and opening brief filed in this court show his name as Harbhajan Singh.

petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

In his opening brief, petitioner does not contest the BIA's determination that he waived any challenge to the IJ's demeanor, implausibility, and relocation findings. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between petitioner's 2002 asylum application and his 2018 declaration and testimony as to the harm he suffered prior to his first entry to the United States. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of the circumstances). Petitioner's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, we deny the petition for review as to petitioner's withholding of removal claim.

Substantial evidence also supports the agency's denial of petitioner's CAT

claim because it was based on the same testimony the agency found not credible, and petitioner does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**