NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KARLA MARIA LUNA, | No. 20-71461 |
| Petitioner, | Agency No. A205-055-370 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Karla Maria Luna, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to

remand and dismissing her appeal from an immigration judge's decision finding

her removable and denying her applications for cancellation of removal and

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Luna does not raise, and therefore waives, any challenge to the BIA's denial of her motion to remand. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

Luna also does not raise, and therefore waives, any challenge to the agency's determination that Luna's controlled substance conviction rendered her removable and statutorily ineligible for cancellation of removal. *See Id*.

Substantial evidence supports the agency's determination that Luna failed to establish that the harm she experienced or fears in Mexico was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring that an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of CAT relief because Luna failed to show it is more likely than not she would be tortured by or with the

consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's October 19, 2020 order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-71461