**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTOBAL CHAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-73732 <br><br> Agency No. A072-514-840 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Cristobal Chan, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Chan failed to establish that the harm he experienced or fears in Guatemala was or would be on account of a protected ground, including an actual or imputed political opinion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Chan's contentions that the BIA failed to apply applicable case law, misstated facts, or otherwise erred in its analysis fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Thus, Chan's asylum claim fails.

In his opening brief, Chan does not challenge the BIA's determination that

he waived his withholding of removal and CAT claims.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**