NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYRA G. SOSA-GARCIA, AKA Mayra
Guadalupe Sosa-Garcia,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No.    16-71084

Agency No. A202-096-128

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Mayra G. Sosa-Garcia, a native and citizen of Mexico, petitions for review
of the Board of Immigration Appeals' order dismissing her appeal from an
immigration judge's decision denying her application for asylum, withholding of
removal, and relief under the Convention Against Torture ("CAT"). We have

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Sosa-Garcia experienced in Mexico did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rose to the level of persecution).

In her opening brief, Sosa-Garcia did not raise, and therefore waives, any challenge to the agency's determination that she failed to establish the harm she fears in Mexico would be on account of an actual political opinion. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Sosa-Garcia failed to establish the harm she fears in Mexico would be on account of an imputed political opinion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (applicant must show "an affirmative or imputed political opinion" to succeed on a political opinion claim).

Sosa-Garcia also did not raise, and therefore waives, any challenge to the

16-71084

agency's determination that she failed to establish a cognizable particular social group. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Thus, Sosa-Garcia's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Sosa-Garcia failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (petitioner did not establish the necessary "state action" for CAT relief).

We reject as unsupported by the record Sosa-Garcia's contentions that the agency applied an incorrect standard or otherwise erred in the analysis of her claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**