NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Gursharn Singh,<br><br>       Petitioner,<br><br>  v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>       Respondent. | No. 21-90<br><br>Agency No.    A216-175-460<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023[**]
San Francisco, California

Before: BOGGS,[***] M. SMITH, and OWENS, Circuit Judges.

Gursharn Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("CAT"). "We review factual findings, including adverse credibility determinations, for substantial evidence [and] will uphold the finding unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

"When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). However, our review is limited to "the reasons explicitly identified by the BIA" and we "do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Id.* (citation omitted).

Under the totality of the circumstances, substantial evidence supports the adverse credibility determination against Singh. *See id.* The BIA focused on the internal inconsistencies in Singh's testimony. In particular, the BIA noted that Singh had several discrepancies in his testimony concerning his reporting to Mann Party officials about his attacks by opposition party members. Singh argues that the inconsistencies stem from a mistranslation by the interpreter, but substantial evidence supports the BIA's rejection of this explanation. In addition, the BIA noted that Singh testified inconsistently regarding whether he had made any friends in the Mann Party, initially stating that he made "no" friends and then stating that he made "some" friends and naming one of those

friends.

Singh does not challenge the agency's determination that other evidence in the record failed to rehabilitate his testimony or independently establish his claims, and therefore he has waived this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.