**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE CORRALES CORRALES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-625

Agency No.
A094-301-121

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Pasadena, California

Before: M. SMITH, HAMILTON, [***] and COLLINS, Circuit Judges.

Petitioner Jose Corrales Corrales, a citizen of Honduras, seeks review of a

decision by the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of his application for withholding of removal and protection

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for
the Court of Appeals, Seventh Circuit, sitting by designation.

under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

We review the BIA's determinations of law de novo. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We review its factual findings for substantial evidence, meaning we will uphold the BIA's findings "unless the evidence compels a contrary result." *Id.* (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016)).

1. Substantial evidence supports the BIA's determination that Corrales failed to establish that the harm he experienced in Honduras was on account of a protected ground. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 892 (9th Cir. 2021) ("To qualify for withholding of removal, an applicant must show that 'it is more likely than not that' he would be persecuted because of a protected ground." (quoting *INS v. Stevic*, 467 U.S. 407, 424 (1984))). Corrales fears persecution by gangs in Honduras. Before the IJ, he argued that gang members targeted him because of his membership in two "particular social groups": (1) his family, which opposes gangs, and (2) young men recruited by gangs.

As to the first group, Corrales's own testimony supports the BIA's finding that the gangs harassed him because they wanted him to join their ranks, not because of his membership in his family. Corrales testified that gang members attacked his uncle after he attempted to defend Corrales, but the evidence does not indicate, let alone compel a finding, that the gang members were motivated by the uncle's membership in Corrales's family.

As to the second group, Corrales has not argued before this court that he was attacked because he was a member of a social group of young men recruited by gangs. Accordingly, that argument is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

2. Substantial evidence also supports the BIA's denial of Corrales's CAT claim. Corrales has not offered evidence compelling the conclusion that, if he is removed, he is likely to be tortured by or with the consent or acquiescence of the Honduran government. *See* 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1). Corrales testified that he reported the gang members' attacks to the police, but "the police in Honduras do[] not do anything." But evidence "that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Nor does evidence that a government has been "generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Id.* Corrales's testimony did not establish that the Honduran government would likely acquiesce to violence against him, so he is not entitled to CAT relief.

**PETITION DENIED.**