NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALONDRA CECILIA PATRICIA
MONTERO-ALVIZURES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-70368

Agency No. A201-921-556

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2023
Pasadena, California

Before: KLEINFELD and COLLINS, Circuit Judges.[**]

Alondra Cecilia Patricia Montero-Alvizures, a citizen of Guatemala,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

upholding the order of the Immigration Judge ("IJ") denying her applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("Torture Convention"). We have jurisdiction under § 242 of the

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] This matter is decided unanimously by a quorum of the panel. *See* 28 U.S.C.
§ 46(d); Ninth Cir. Gen. Order 3.2(h).

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act, 8 U.S.C. § 1231 note. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the agency's denial of Montero-Alvizures's claims for asylum and withholding of removal.

In this court, Montero-Alvizures argues that she suffered past persecution on account of her anti-corruption and anti-organized-crime political opinions and related political activities. While she made these claims to the IJ, she failed to raise them anywhere in her brief to the BIA. Because Montero-Alvizures has not exhausted before the BIA the claims that she raised in her opening brief in this court, the BIA did not address them. The Government has properly invoked Montero-Alvizures's failure to exhaust, and so we decline to consider those claims. *See Bare v. Barr*, 975 F.3d 952, 960–961 (9th Cir. 2020) (explaining that exhaustion requires claims "to have first been raised in the administrative proceedings below and to have been sufficient to put the BIA on notice of what

was being challenged," which requires more than "a general challenge to the IJ's decision" (citations omitted)); *cf. Santos-Zacarias v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that the INA's exhaustion requirement is not jurisdictional and may be waived or forfeited if not asserted by the Government).

Before the BIA, Montero-Alvizures argued that she had been persecuted on account of her anti-abortion political opinion and her proposed particular social group of Guatemalan women who are viewed as property by their male partners. But in her opening brief to this court, Montero-Alvizures failed to challenge the BIA's determination that any harms she suffered in Guatemala were not on account of her anti-abortion political opinion or her membership in this particular social group. As such, she has forfeited this claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Even reviewing those grounds for persecution that were exhausted before the BIA, we conclude that substantial evidence supports the BIA's lack of nexus finding. The BIA found that there was no clear error in the IJ's determination that the harms Montero-Alvizures suffered were on account of a personal dispute with her ex-partner over their relationship and custody of their child, which cannot serve as grounds for asylum. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021) ("[P]urely personal retribution is not persecution on account of a protected ground." (internal quotation marks omitted)). The BIA further concluded that

3

there was no evidence that established a "persecutory" motive for the harms Montero-Alvizures suffered, and consequently, she had failed to establish a nexus between her political opinion or particular social group and the harms she suffered. Nothing in the record compels a contrary conclusion.

2. Substantial evidence also supports the agency's denial of relief under the Torture Convention. Montero-Alvizures failed to establish "that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country," *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020), and the BIA found no clear error in the IJ's decision that she did not meet that standard. In its analysis of her Torture Convention claim, the BIA did err in stating that Montero-Alvizures "was not physically harmed in Guatemala," when in fact Montero-Alvizures had testified that she had been beaten by her ex-partner. But Montero-Alvizures failed to raise this error in her opening brief in this court, and so she has forfeited the issue. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Even if the issue were not forfeited, there is no error warranting remand. In denying relief under the Torture Convention, the BIA provided alternative and independent reasons for affirming the IJ's decision, which had not made any such mistake. Specifically, the BIA upheld the IJ's conclusion that Montero-Alvizures had failed "to establish that anyone in Guatemala is even looking for [Montero-Alvizures], much less, desiring to torture her" or that the

4

Guatemalan government would acquiesce in any such torture. The BIA's error regarding Montero-Alvizures's past harm by her ex-partner does not vitiate this finding concerning her failure to show a likelihood of future torture in which the Guatemalan government would acquiesce. The agency permissibly concluded, on this record, that Montero-Alvizures had failed to show such a likelihood.

**PETITION DENIED.**