NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANNER EDIEL LEMUS-GARCIA, et al.,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 24-553<br><br>Agency Nos.<br>A220-813-955<br>A220-813-956<br>A220-813-957<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2024**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY, District
Judge.***

Banner Ediel Lemus-Garcia, Kinda Izabel Palma-Najarro, and their minor

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

child A.J.L.P., all natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals affirming an immigration judge's denial of Lemus-Garcia's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's factual findings for substantial evidence; under that standard, we must uphold the findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The Board determined that Jutiapa, Guatemala, "is a safe area where [Lemus-Garcia] could relocate." That finding is supported by substantial evidence, and it is a sufficient basis, independent of the Board's other findings, for rejecting Lemus-Garcia's asylum and withholding of removal claims. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

Lemus-Garcia does not contest that he is able to relocate from Guatemala City to Jutiapa, where he spent almost one year before coming to the United States. As the Board explained, relocation to Jutiapa would be reasonable because Jutiapa is Lemus-Garcia's hometown; he still has family members living there; and he was

---

[1] We do not reach Lemus-Garcia's CAT claim, which Lemus-Garcia has forfeited by failing to make any relevant arguments in his opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

able to find work there to support his family and pay for the journey to the United States. Although Lemus-Garcia alleged that he fears returning to Guatemala because "gang members reside in different parts of the country" and because he was informed by his father that "those gang members are spreading throughout the country," he presented no evidence that the gang members are present in Jutiapa, which is located more than three hours from Guatemala City by bus. Thus, Lemus-Garcia has not shown that the record compels reversal of the Board's relocation finding. *See Duran-Rodriguez*, 918 F.3d at 1029 (rejecting asylum and withholding of removal claims based on the applicant's ability to safely relocate from his hometown to a different part of Mexico).

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise denied.

**PETITION DENIED.**