NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIRIAM R MENDOZA CASTILLO DE
CARRILLO;  K.R.C.M.,

No. 24-84

Agency Nos.
A216-637-561
A216-637-562

Petitioners,

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Petitioners, Miriam Mendoza Castillo de Carrillo ("Castillo de Carrillo") and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her minor daughter K.R.C.M., are Guatemalan nationals.[1]  They petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  "Where [as here] the BIA issues its own decision but relies on part on the immigration judge's [("IJ's")] reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).  "We review the agency's factual findings for substantial evidence and legal questions de novo."  *Corpeno-Romero v. Garland*, 120 F.4th 570, 577 (9th Cir. 2024).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      An applicant for asylum or withholding of removal bears the burden of demonstrating (1) the existence of a cognizable particular social group, (2) her membership in that particular social group, and (3) a risk of persecution on account of membership in the specified particular social group.  *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).  "The third element is often referred to as the 'nexus' requirement."  *Id.*  Here, even if we assume that petitioners meet the first two elements, substantial evidence supports the BIA's finding that no nexus exists between the alleged future threat of persecution and petitioners' claimed particular

---

[1]  K.R.C.M. did not file an independent application for relief and protection from removal.  Castillo de Carrillo is thus the lead petitioner, and K.R.C.M. is a derivative beneficiary.

social group.

2.    For an asylum claim, Petitioners must establish that their membership in a particular social group was "one central reason" for the alleged harm. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). The BIA concluded that petitioners did not demonstrate a nexus between their alleged particular social groups and the threats Castillo de Carrillo received, noting "the record shows that the [petitioner] was an unfortunate victim of indiscriminate acts of violence committed by criminals in Guatemala[.]" Castillo de Carrillo argues that the BIA erred in finding that there was no nexus between her claimed particular social group, family members of former military members, and the threats she suffered.[2] Castillo de Carrillo believes that the threats were related to her particular social group because the threats began after her husband, a former military officer, left Guatemala and because the caller knew Castillo de Carrillo and her daughter's names. But given the significant temporal gap between the husband's departure and the threats, that evidence, without more, does not satisfy petitioner's burden of demonstrating a nexus between her family association and the threats. Nor is any

_____

[2] "We review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Failure to raise an issue in the opening brief results in waiver. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). Here, petitioner did not challenge the agency holdings on her other proposed particularized social group: Guatemalan small business owners and operators. Any argument concerning that nexus is waived.

further evidence apparent from a review of the record. Castillo de Carrillo has not met her burden of demonstrating that the nexus element is satisfied, and her application for asylum was properly denied. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (as amended).

3. Withholding of removal also requires a nexus between the protected ground and the threats received. *Barajas-Romero*, 846 F.3d at 360 (stating that a protected ground must be "a reason" for the harm suffered under the withholding statute). Because there is no indication in the record that any of Petitioners' asserted protected grounds were a reason for the threats that Castillo de Carrillo received, their withholding of removal claim fails. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("[W]here, as here, the agency concludes that the petitioner has not shown any nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.")

4. Petitioners also contend that the BIA erred in finding that they did not qualify for protections under CAT. "CAT prohibits removal of a noncitizen to a country where the noncitizen likely would be tortured." *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020). Torture is "any act by which severe pain or suffering . . . is intentionally inflected on a person . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *De*

*Leon v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022).

The BIA held that the IJ did not err in concluding that petitioners did not demonstrate that they are "more likely than not to be tortured in Guatemala by or with the acquiescence (to include willful blindness) of a public official[.]" Castillo de Carrillo contends that the BIA erred by not considering the country conditions evidence presented and by ignoring her testimony that the police did not act to protect her from gangs. But, as the BIA determined, petitioner did not meet her burden of showing government acquiescence. The inability of the police to apprehend the caller, alone, is not sufficient to show government acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.") Petitioner has not established that the government was complicit in any potential harm she faces in Guatemala, and substantial evidence supports the denial of protection under CAT.

**PETITION DENIED.**

24-84