NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANCELET DUCILUS, | No. 24-1451 |
| Petitioner, | Agency No. 046-463-276 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2025
San Francisco, California

Before: BOGGS, FRIEDLAND, and BRESS, Circuit Judges.[**]

Ancelet Ducilus, a native and citizen of Haiti, petitions for review of an order

of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's

("IJ") denial of his application for deferral of removal under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

factual findings for substantial evidence and review its legal conclusions de novo. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "[O]ur review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We deny Ducilus's petition for review.

To qualify for deferral of removal under the CAT, an applicant has the burden of showing that he "is more likely than not to be tortured in the country of removal." 8 C.F.R. § 1208.16(c)(4). The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

Ducilus argues that it is more likely than not that he will be tortured upon return to Haiti based largely on evidence that 1) Ducilus and his family were harassed by gangs in 2016 and 2017, culminating in an altercation with gang members; and 2) Ducilus was allegedly held by Haitian officials against his will for six months in 2011 until his family paid $5,000 for his release. In support of his arguments, Ducilus presents country-conditions evidence to show what he characterizes as "the ever-increasing reality of gang rule throughout much of [Haiti]." Ducilus also presents evidence of substandard prison facilities in Haiti, arguing that, due to his criminal record in the United States, he will likely be detained in those facilities upon return.

As a preliminary matter, much of the evidence presented by Ducilus to the IJ consisted of his own testimony and the testimony of his father. But the IJ made adverse credibility findings against both Ducilus and his father because of various inconsistencies and omissions in each person's testimony. The BIA properly deemed the credibility-finding issue waived because Ducilus did not challenge the finding on appeal to the Board. In our court, Ducilus does not challenge the BIA's determination that he waived review of the IJ's credibility finding. Thus, any challenges to the adverse credibility determinations against both Ducilus and his father are unexhausted and waived. *See, e.g.*, *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025) (holding that petitioner's challenge to the IJ's finding was unexhausted where he failed to raise it in his appeal to the BIA); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (explaining that issues not specifically raised and argued in a party's opening brief are ordinarily waived).

Still, "[a]n adverse credibility determination does not, by itself, necessarily defeat a CAT claim," *Garcia*, 749 F.3d at 791, so we proceed to consider the remaining evidence in the record.

First, we address Ducilus's argument that gang activity in Haiti and Ducilus's past interactions with gangs entitle him to CAT protection. Although Ducilus's arguments and evidence pertaining to a weakened Haitian government and the related presence of gang activity in Haiti are well taken, the evidence does not

compel the conclusion that he faces a particular threat of torture from gangs "beyond that of which all citizens of [Haiti] are at risk."[1] *Dhital v. Mukasey*, 532 F.3d 1044, 1052 (9th Cir. 2008). Therefore, substantial evidence supports the BIA's conclusion that Ducilus failed to establish a sufficient likelihood of being tortured by gangs in Haiti.

Ducilus's next argument relies on at least two events occurring in sequence: Ducilus argues first that he will be detained upon his return to Haiti because of his status as a criminal deportee; he argues next that the conditions in the Haitian prison to which he will be sent will be so deplorable that they amount to torture. Because Ducilus's "allegations of torture rest on a hypothetical chain of events, CAT relief cannot be granted unless each link in the chain is more likely than not to happen." *Andrade v. Garland*, 94 F.4th 904, 915 (9th Cir. 2024) (internal citation and quotation marks omitted).

We need not decide whether the conditions in Haitian prisons amount to torture because Ducilus's appellate brief to the BIA did not meaningfully challenge

---

[1] To be sure, Ducilus did submit a witness declaration from his neighbor, who said that he was menacingly approached by gang members who wanted to kill Ducilus. Upon consideration of the witness declaration, the IJ determined that she could give the declaration "very little weight" because the witness was not made available for cross-examination. There is no reason to disturb the IJ's determination under the circumstances of this case. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1185 n.4 (9th Cir. 2007) ("[T]he IJ as the trier of fact retains discretion to weigh the evidence's credibility and probative force." (internal citation and quotation marks omitted)).

the IJ's finding that the record "fails to establish a likelihood that the respondent will be detained in Haiti upon deportation there at all." And the BIA expressly adopted and affirmed the portion of the IJ's opinion discussing Ducilus's risk of being detained. Because Ducilus did not make a meaningful argument to the BIA that he was likely to be detained, he has forfeited his ability to make that point before us. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). As a result, we need not reach his arguments about purported errors in the BIA's reasoning about the treatment he would face if he were detained.

Ducilus's other argument about the combined risk of torture he faces from both gang violence and potential detention in a Haitian prison fares no better. Ducilus makes no showing that the BIA failed to properly consider all sources of potential risk of torture in the aggregate, so his reliance on *Velasquez-Samayoa v. Garland*, 38 F.4th 734, 736 (9th Cir. 2022), is unavailing. Ducilus has not pointed to evidence that compels the conclusion that combining any risk he faces of torture from gangs with any risk he faces of torture from being detained makes it more likely than not that he would face torture if removed.

**PETITION DENIED.**