NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENZO ALEXANDER GAVE LUJAN; et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7697

Agency Nos.
A241-899-023
A241-899-026
A241-899-025
A241-899-024

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Renzo Alexander Gave Lujan, Zedy Greyz Gamarra Manrique, and their two

minor children, natives and citizens of Peru, petition pro se for review of the Board

of Immigration Appeals' order dismissing their appeal from an immigration

judge's decision denying their applications for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Petitioners do not challenge the agency's adverse credibility determination in their opening brief and have thus forfeited any such argument. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of petitioners' CAT claims because their claims were based on the same evidence found not credible, and petitioners do not point to any other evidence in the record that compels the conclusion that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Peru. *See id*. at 1156-57.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**