**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

DEC 9 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GIANCARLO ARNALDO FLORES-MORALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2596

Agency No.
A099-824-875

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.***

Petitioner Giancarlo Arnaldo Flores-Morales, a citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal of an

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel previously ordered that this case be submitted on the briefs
and record without oral argument. *See* Dkt. No. 24; Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable J. Campbell Barker, United States District Judge for the
Eastern District of Texas, sitting by designation.

Immigration Judge's ("IJ") denial of petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner only seeks review as to his withholding of removal and CAT protection claims. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review legal conclusions de novo and factual determinations for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

1.  The agency properly found that petitioner failed to establish his eligibility for withholding of removal. To establish eligibility for withholding of removal, an applicant must show that the source of the claimed persecution is the government or a private actor "which the government is unable or unwilling to control." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (quoting *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1097 (9th Cir. 2000)). Petitioner claims that members of the Sendero Luminoso terrorist group harmed or attempted to harm him on three occasions. However, as the IJ noted, petitioner does not claim that he ever reported these incidents to the police. Additionally, record evidence suggests that the Peruvian government has taken steps to combat the Sendero Luminoso organization.

Petitioner failed to challenge the IJ's state action determination before the

BIA. He likewise fails to meaningfully address the issue in his opening brief before this Court. Accordingly, he has failed to exhaust and waived the issue, which is dispositive of his claim for withholding of removal. *See Umana-Escobar*, 69 F.4th at 550 (denying petition where the petitioner "failed to exhaust [his argument] as required under 8 U.S.C. § 1252(d)(1)"); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) (noting that the "court will not ordinarily consider matters 'that are not specifically and distinctly argued in appellant's opening brief'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))).

2. Substantial evidence also supports the agency's finding that petitioner failed to establish his claim for CAT protection. A CAT protection applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). To qualify as torture, an act must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). The IJ found that petitioner failed to show that he would likely be tortured by or with the acquiescence of the Peruvian government, and the BIA adopted that finding. For the reasons stated above, substantial evidence supports the agency's determination. Petitioner's cursory argument in his opening brief that he "was threatened, stabbed and shot at by the Sendero Luminoso, a terrorist organization of Peru that the government of Peru

cannot control," which is unsupported by any citation to the record, fails to show any involvement by any person acting in an official capacity.

**PETITION DENIED**.[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise **DENIED**.

25-2596