**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA ALEXANDRA REYES LOPEZ; et al.,<br><br>                    Petitioners,<br><br>    v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>                    Respondent. | Nos. 23-1693<br>        25-1162<br><br>Agency Nos.<br>A220-149-510<br>A220-149-511<br><br><br>MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 22, 2026**

Before:      CANBY, BENNETT, and BADE, Circuit Judges.

   In these consolidated petitions for review, Angela Alexandra Reyes Lopez

and her daughter, natives and citizens of Guatemala, petition pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying their applications for asylum, and Reyes Lopez's applications for withholding of removal and protection under the Convention Against Torture ("CAT") (petition No. 23-1693), and the BIA's order denying petitioners' motion to reopen (petition No. 25-1162). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo constitutional claims and we review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In petition No. 23-1693, we deny the petition for review. In petition No. 25-1162, we deny in part and dismiss in part the petition for review.

As to petition No. 23-1693, petitioners do not challenge the agency's dispositive determination that they failed to demonstrate the Guatemalan government was or would be unable or unwilling to protect them, or the agency's denial of CAT protection, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). We reject as unsupported by the record petitioners' contention that the agency did not consider all evidence in support of their asylum application.

As to petition No. 25-1162, petitioners do not challenge the BIA's denial of their motion to reopen as untimely, so we do not address it. *See id*. To the extent petitioners seek review of the BIA's denial of their request to reopen removal

proceedings sua sponte, we lack jurisdiction to review this discretionary determination, other than for the limited purpose of reviewing for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision.

We reject as unsupported by the record petitioners' contentions that the BIA issued an order affirming without opinion and did not adequately discuss its reasoning for denial.

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act and the Illegal Immigration Reform and Immigrant Responsibility Act is foreclosed. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002); *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001).

The temporary stay of removal is lifted and the motion to stay removal is denied.

No. 23-1693: **PETITION FOR REVIEW DENIED.**

No. 25-1162: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**