NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE MARTINEZ ZARATE,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-539

Agency No.
A205-273-902

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Jorge Martinez Zarate, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Martinez Zarate does not challenge the BIA's conclusions that he waived review of the IJ's determination that his asylum application was time-barred and he is not eligible for humanitarian asylum, so we do not address these. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

As to withholding of removal, Martinez Zarate does not challenge the BIA's conclusion that he waived review of the IJ's determination that he failed to establish a claim for relief based on a family-based particular social group. *See id*.

Substantial evidence supports the agency's determination that Martinez Zarate failed to show he suffered harm that rose to the level of persecution or that he had a clear probability of future persecution on account of his ethnicity. *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026) (the agency's persecution determination is reviewed for substantial evidence); *Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution, and feared persecution "too speculative").

Substantial evidence also supports the agency's determination that Martinez Zarate failed to show that he was or would be persecuted on account of a political

opinion or imputed political opinion. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1029-30 (9th Cir. 2000).

The agency did not err in determining that the harm Martinez Zarate suffered during his military service was not on account of a particular social group. *See id*. at 1029 ("Persecution occurring because a person is a current member of a police force or the military . . . is not on account of one of the grounds enumerated in the Act." (internal quotation marks, citation, and emphasis omitted)). Substantial evidence supports the agency's determination that Martinez Zarate failed to show a clear probability of future persecution on account of his former military service. *See Pagayon v. Holder*, 675 F.3d 1182, 1190-91 (9th Cir. 2011).

Substantial evidence also supports the agency's denial of CAT protection because Martinez Zarate failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal is lifted and the motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**